PERRETT *vs.* KA-AA.

On Exceptions from Mr. Justice Bickerton.

April Term, 1888.

Judd, C.J., McCully, Preston, Bickerton and Dole, JJ.

After the proofs had closed, and counsel on both sides had addressed the jury, the defendant's counsel moved the Court to dismiss the complaint for variance between the pleading and the proof, urging that the evidence showed mere trespass by the covenantor and not an eviction.

Held, on the evidence, that the lessor (defendant) went on to the demised premises, asserted title, denied the validity of his lease to plaintiff, repeatedly arrested and impounded plaintiff's cattle; that this was an eviction for which plaintiff could recover damages on an action for breach of covenant for quiet enjoyment.

A motion by defendant, to dismiss a case at law for variance after issue joined, will not be entertained. The correct practice is to move the Court to instruct the jury to return a verdict for defendant.

Opinion of the Court, by Judd, C.J.

This is an action of covenant tried at the last October Term of this Court. The exceptions went over and were finally presented to the Court on briefs in May, 1888.

It appears that after the proofs had closed, and counsel on both sides had addressed the jury, Mr. W. R. Castle, for the defendant, moved the Court to dismiss the complaint for variance between the pleading and the proof, urging that the evidence showed mere trespass by the covenantor, and not an eviction, which an action for breach of the covenant for quiet enjoyment would remedy.

The demised premises were the property of defendant's wife, and defendant alone signed the lease. The rent, $150 for three years, was paid in advance. During the term for

which the rent was paid, defendant arrested and impounded plaintiff's cattle, and to release them plaintiff had to deposit $190 pound fees, which were finally, on appeal before the Circuit Court in June, 1886, ordered to be paid by the defendant.

The evidence of the plaintiff sent up in the bill of exceptions, relevant to this question, is as follows: "I first had trouble in April, 1884. Defendant's wife sent for me and I went to their house, and they said they wanted me to surrender the lease. I then received a letter from Akaliilii ordering me to give up the lease at once and remove my animals. A few days after they began to take up my animals. No offer to return my rent paid. The defendant said the lease was to be broken because I was putting other animals on the land for a share of the increase. When he took up my animals and put them in the pound I gave a bond, and they were released. A few days after and they were again taken up. Noa said they were taken up on the leased land. On the second seizure I paid for the alleged trespass $15 for sixty animals, and then took them to another land. * * * I advanced for pound fees at first $190, and for bond $5. I got back this money at the trial before Judge Judd at Wailuku."

The text book cited by defendant's counsel to sustain his position is Wood on Landlord and Tenant, Section 357 : " If the tenant enters into possession, the covenant for quiet enjoyment is not broken by a mere trespass of the lessor." The text cites one case, *Mayor of New York vs. Mabie*, 13 N. Y., 157: " It is not, however, every mere trespass by the lessor upon the demised premises which will amount to a breach of this covenant. Although the covenantor cannot avail himself of the subterfuge that his entry was unlawful, and be therefore a trespasser to avoid the consequences of his own wrong; still, to support the action of covenant the entry must be made under the assumption of title. It need not be averred in the pleading that the grantor acted under a claim of title ; but if the character of the act be such as reasonably to show that the defendant acted upon such an assumption, the action will be sustained."

In the case at bar, the evidence is overwhelming that the covenantor (defendant) went on to the demised land, asserted title, denied the validity of his lease to the plaintiff, and repeatedly arrested and impounded his cattle, thus doing all in his power to accomplish an eviction; and, by the authority quoted by the defendant's counsel, this is amply sufficient to sustain the action for breach of the implied covenant for quiet enjoyment.

For these reasons the exceptions must be overruled.

We would add that a motion to dismiss a case at law after issue joined, for variance between pleading and proof, or for any cause, cannot be entertained; if the contention of counsel for defendant had been correct, the proper motion at that stage would have been for instructions to the jury to find a verdict for the defendant.

*W. A. Kinney*, for plaintiff.

*W. R. Castle*, for defendant.